IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0573-WS-M |
| ) | |
| THE TOWN OF LOXLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on plaintiffs' Motion to Object and Appeal Magistrate's Bert Milling Denial of Motion to Proceed without Prepayment of Fees (doc. 10) and plaintiffs' Notice Requesting for Magistrate Judge Bert Milling to Be Removed (doc. 11).

On September 18, 2006, plaintiffs Orlando Bethel and Glynis Bethel filed this action, including a 104-page Complaint accompanied by 20 exhibits, against the Town of Loxley and eight other named defendants (most of whom are local government officials or law enforcement officers), alleging various constitutional violations arising from plaintiffs' street-preaching activities in Loxley, Alabama on April 9, 2005.  Accompanying their Complaint was a Motion to Proceed without Prepayment of Fees and Costs (doc. 8).  On October 27, 2006, Magistrate Judge Milling entered an Order (doc. 9) denying the Motion, finding that plaintiffs were ineligible for *in forma pauperis* status, and ordering plaintiffs to pay the requisite $350 filing fee on or before November 27, 2006.  Magistrate Judge Milling identified the correct legal standard and examined in detail the information contained in plaintiffs' financial affidavit, as well as information that plaintiffs had paid the full filing fee in five (5) other civil lawsuits and two (2) habeas actions they have filed in this District Court.  Based on this well-reasoned, factually-supported analysis, Magistrate Judge Milling concluded that plaintiffs have sufficient income to pay the $350 filing fee and not be deprived of the basic necessities of life.

Plaintiffs now appeal Magistrate Judge Milling's Order of October 27.  This appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a

magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ...."). After careful review of Magistrate Judge Milling's Order and plaintiffs' arguments appealing same, the undersigned concludes that the decision denying plaintiffs leave to proceed without prepayment of fees and costs was neither clearly erroneous nor contrary to law. Plaintiffs' objections alternately rest on a misreading of Judge Milling's Order and seek to overturn that Order by including new information about plaintiffs' income and expenses that they did not furnish previously even though they could have done so. Plaintiffs' Motion to Object and Appeal (doc. 10) is therefore **denied**, and the October 27 Order is **affirmed**.[1]

---

[1] In reaching this result, the undersigned recognizes the well established proposition that "proceeding IFP in a civil case is a privilege, not a right - fundamental or otherwise." *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998); *see also Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (indicating that "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C. § 1915"); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) ("The pauper's affidavit should not be a broad highway into the federal courts."). These principles are not outcome-determinative here, but they <u>are</u> relevant given the Bethels' history of abusing their right to access the federal courts. Since March 22, 2004, plaintiffs have filed at least 14 lawsuits in this District Court alone, consisting primarily of § 1983 claims alleging constitutional violations against various municipalities in and around southern Alabama in connection with plaintiffs' street-preaching activities, as well as other activities that appear to have been intentionally calculated to provoke local law enforcement agencies. Plaintiffs' litigious proclivities have escalated of late. Since September 18, 2006, plaintiffs have initiated at least seven new actions in this District Court, and have attempted to replead a complaint in an eighth action that was dismissed without prejudice more than two years ago. Many docket sheets in plaintiffs' actions look like the one in this case, involving a Complaint of approximately 100 pages, applications for temporary restraining orders and other

In a separate Motion, plaintiffs request that Magistrate Judge Milling be recused from this case for "blatant personal 'bias' and 'prejudice' against the Plaintiff." (Motion, at 1.)[2] Plaintiffs further accuse Magistrate Judge Milling of a "tyrannical and arbitrary Judgeship" and "constant illegal activity and obstruction of justice," and indicate that "this bias and prejudice is encourage and influenced by the corrupt Judge such as **ONLY** William Steele." (*Id.* at 3-4.) Plaintiffs proceed to demand that Judge Milling "be prosecuted by criminal means (just like any other citizens or corrupted officials)" and insist that his "unlawful and corrupted conduct [is] worthy of hell fire." (*Id.* at 5.) Plaintiffs' Motion seeks recusal of Magistrate Judge Milling pursuant to 28 U.S.C. § 144. The law of this Circuit is clear that "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). A motion for disqualification under § 144 "must demonstrate that the alleged bias is personal as opposed to judicial in nature. ... The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (citations

---

emergency injunctive relief spanning dozens of additional pages and relating to alleged constitutional wrongs occurring many months ago, and motions for *in forma pauperis* status. Although the undersigned does not so hold and does not deem it dispositive in this case, logic and common sense dictate that inherent in the IFP inquiry is some assessment of whether the plaintiffs are patently abusing their rights to expenditure of public funds and valuable court time to prosecute their claims. Plaintiffs unquestionably fall into this category. Abuse of the privilege can and should result in its truncation.

[2]      Such motions have apparently become a favorite tactic of plaintiffs recently. On November 6, 2006, plaintiffs filed a similar motion seeking to recuse the undersigned in 04-171-WS-D because they were unhappy with a ruling made several days earlier. That same day, plaintiffs filed a similar motion seeking the recusal of Magistrate Judge Bivins in 06-610-CG-B because they were unhappy with a ruling she had made. Just last week, plaintiffs filed a motion in 06-626-KD-B accusing Judge DuBose and Magistrate Judge Bivins of practicing "what the Bible calls witchcraft" and indicating that, as far as plaintiffs are concerned both judges "can DIE AND GO TO HELL." Their transgression? Entering rulings that were adverse to plaintiffs. Such frivolous filings serve only to squander scarce judicial resources and (based on their overtly hostile and insulting tenor) appear calculated to incite some kind of negative judicial response.

omitted); *see also Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal").  Mere adverse rulings do not constitute the sort of pervasive bias that necessitates recusal.  *Loranger*, 10 F.3d at 781.  Careful review of plaintiffs' Motion reveals that they seek recusal merely because they are unhappy with the October 27 Order.  Such a showing falls well short of the necessary threshold for recusal or disqualification of Magistrate Judge Milling.  *See Draper v. Reynolds*, 369 F.3d 1270, 1281-82 (11th Cir. 2004) (district court did not err in denying motion to disqualify under § 144 where movant presented no evidence that judge harbored a personal bias or prejudice either against him or in favor of any adverse party).  Plaintiffs' motion for recusal is **denied**.

      DONE and ORDERED this 20th day of November, 2006.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE