IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0573-WS-M |
| | ) |
| THE TOWN OF LOXLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' two most recent filings, styled "Motion to Reconsider Judge's Order to Affirm Magistrate's Bert Milling's Denial of Motion to Proceed without Prepayment of Fees Based on Both 'Judges' Gross Erroneous Grounds and Acting Arbitrarily or what the Bible Calls Lying Bastards or Reprobates" (doc. 16) and "Reply and Second Notice and Affidavit in Good Faith Requesting for Magistrate Judge Bert Milling to be Removed Based on Personal Bias, Prejudice ..." (doc. 17).

Plaintiffs have used both of these filings as a platform to direct venomous rhetoric at the undersigned, as well as other federal judges sitting in this District. Such a tactic is nothing new for the Bethels, who have demonstrated a pattern of impugning the integrity of the court whenever the undersigned or any other judge enters a ruling adverse to them.[1] To date, this

---

[1] For example, on November 6, 2006, plaintiffs contested an adverse ruling by Magistrate Judge Milling by accusing him of "tyrannical and arbitrary judgeship" and "constant illegal activity and obstruction of justice" which was "unlawful and corrupted conduct ... worthy of hell fire." (Doc. 11, at 3, 5.)  The same filing referred to the undersigned as a "corrupt Judge." (*Id.* at 3.)  In another of their numerous civil actions, 04-171-WS-D, the Bethels responded to an adverse ruling with a November 6, 2006 filing repeatedly characterizing the undersigned as "corrupt" and describing the Magistrate Judges as "the judge's prostitutes."  (Doc. 32, at 2.)  In yet a third case pending in this District Court, 06-626-KD-B, the Bethels responded to an adverse ruling with a filing on November 15, 2006 describing District Judge DuBose as a "witch" who is "wicked," "corrupt," "tyrannical," and a "prostitute," who "can DIE AND GO TO HELL."  (Doc. 9, at 2-4.)  These examples are illustrative, not exhaustive.

Court and the other sitting Judges in this District have taken pains to show restraint, filtering out plaintiffs' insults and focusing on the merits of their submissions.

Plaintiffs have rewarded the patience and forbearance of the judicial officers sitting in this District with an ever-escalating verbal barrage. Their most recent submissions plumb new depths. Plaintiffs convey their dissatisfaction with the undersigned's rulings by calling him a "lying bastard from the pit of hell," referencing his "lying butt," and disparaging him as a "fool" who is "senile," "demon possessed," a "stupid bastard from hell," and "a miserable agent of Satan," amidst other equally unflattering insults. (*See* docs. 16 & 17.)

Enough is enough. This Court will no longer sit quietly by in the face of the Bethels' endless stream of inflammatory invective. Plaintiffs have every right to disagree with the rulings entered by this Court and the other judges of this District Court in their numerous lawsuits filed in federal court. However, such dissidence does not confer upon the Bethels *carte blanche* to insult, vilify and castigate this Court in their written filings. *See generally Sacher v. United States*, 343 U.S. 1, 9, 72 S.Ct. 451, 455 (1952) ("But if the ruling is adverse, it is not counsel's right to resist it or to insult the judge--his right is only respectfully to preserve his point for appeal."). As one court of appeals put it, "Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a *pro se* litigant." *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000); *see also Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) ("Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.").

The law is clear that district courts possess an inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing district courts' inherent authority to enforce orders and provide for efficient disposition of litigation); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). Indeed, "[c]ourts of justice are universally acknowledged

to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotations and brackets omitted). Pursuant to this authority, federal courts are empowered to impose a wide range of sanctions for offensive, contumacious, or disrespectful conduct. *See F.J. Hanshaw*, 244 F.3d at 1136 ("As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *In re Prewitt*, 2003 WL 22965563 (5th Cir. Dec. 17, 2003) (district court had inherent power to ban attorney from third floor of federal courthouse in Greenville, Mississippi); *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments"). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *see also In re Prewitt*, 280 F. Supp.2d 548, 562 (N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

It is the opinion of this Court that sanctions are warranted for the Bethels' persistent and recurring efforts to malign, calumniate and denigrate this tribunal with scurrilous filings. The undersigned readily concludes that plaintiffs' course of conduct constitutes or is tantamount to bad faith. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1202 (11th Cir. 2006) (before a court can impose sanctions under inherent powers, it must make a finding of bad faith). Notwithstanding plaintiffs' *pro se* status, their pleadings must exhibit proper decorum and respect, regardless of whether they concur with this Court's decisions. *Ad hominem* attacks in written filings in federal court are never acceptable, and will not be tolerated. Under the specific circumstances presented here, the Court finds that the appropriate sanction is to strike plaintiffs' most recent filings in their entirety. *See generally Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005) (striking as intolerable briefs on appeal that do little more than attempt to impugn, without basis, integrity of district judge). Accordingly, the Motion to Reconsider (doc. 16) and the Reply and Second Notice and Affidavit (doc. 17) are **stricken**.

**Plaintiffs are hereby notified that all future pleadings, motions and other papers they may file in this or any other action proceeding before the undersigned must comport**

**with the basic standards of decorum and respect, as described in this Order. Failure to do so will result in those submissions being summarily stricken without comment.**

DONE and ORDERED this 29th day of November, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
